**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALLSTATE LIFE INSURANCE CO., | : | |
|  | : | Civil Action No. 15-7597 (SRC) |
| Plaintiff, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| WILLIAM HENRY MCNEAR, III et al. | : | |
|  | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on two motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56, one by Plaintiff Allstate Life Insurance Company ("Allstate"), the other by Defendants William Henry McNear III and Kathryn McNear ("the McNears"). For the reasons stated below, both motions will be granted in part and denied in part.

This case arises from a dispute between an insurer and the parents of an annuitant, William. The fundamental facts of this case are not in dispute. There is no dispute that the annuity contract terminated payments upon William's death, and that, after William's death, Allstate erroneously sent to the parents a series of annuity payments totaling $1,577,337.39, which the parents deposited and kept. Allstate filed suit, seeking repayment of the overpayments, and filed an Amended Complaint asserting four claims: 1) unjust enrichment; 2) conversion; 3) constructive trust; and 4) injunctive relief. Defendants filed an Answer with a counterclaim for declaratory judgment. Both parties have moved for summary judgment on the

claims and counterclaim.[1]

The parents, William Henry McNear III and Kathryn McNear ("the McNears"), oppose Allstate's motion with three arguments. First, the McNears argue that Allstate's unjust enrichment theory is not cognizable under New Jersey law, quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994): "The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."[2] The McNears point out that Allstate cannot show that it expected remuneration from them at the time it made its overpayments, and that this is a required element of the claim.

This argument can succeed only where the power of a court, sitting as a court of equity, to fashion an equitable remedy is constricted by such quasi-legal distinctions. New Jersey is not such a place. The Court of Errors and Appeals of New Jersey, the predecessor to the New Jersey Supreme Court, stated the following principles to guide the State's courts in the exercise of their equitable powers:

> Equitable remedies are distinguished for their flexibility, their unlimited variety, their adaptability to circumstances, and the natural rules which govern their use. There is in fact no limit to their variety and application; the court of equity has the power of devising its remedy and shaping it so as to fit the changing circumstances of every case and the complex relations of all the parties.

---

[1] Plaintiff's moving brief does not mention Count IV, the claim for injunctive relief, and this Court construes this as an abandonment of Count IV.

[2] It is worth noting that, 22 years *after* the New Jersey Supreme Court decided VRG, it made this general statement about unjust enrichment: "To prove a claim for unjust enrichment, a party must demonstrate that the opposing party received a benefit and that retention of that benefit without payment would be unjust." Thieme v. Aucoin-Thieme, 227 N.J. 269, 288 (Dec. 12, 2016). There is no mention of remuneration in this formulation in Thieme. The New Jersey Supreme Court does not hold the narrow view of unjust enrichment that Plaintiffs assert.

2

> A lack of precedent, or mere novelty in incident, is no obstacle to the award of equitable relief, if the case presented is referable to an established head of equity jurisprudence -- either of primary right or of remedy merely. And it is an ancient field of equity jurisprudence to relieve against the consequences of accident and mistake of fact . . .
>
> Mere slavish adherence to fixed rules and technical considerations has nothing to commend it, if thereby justice is to be so plainly sacrificed.

Sears v. Camp, 124 N.J. Eq. 403, 411-412 (E. & A. 1938) (citations omitted).[3]

Prior to 1948, New Jersey had a separate court for equity cases, the Court of Chancery. In one very old case, the Vice-Chancellor held:

> But I regard it as equally clear that, though the court cannot give [the complainant] just the relief she asks, it is not driven, by any inflexible rule of practice or stern deference to a mere formality, to the hard duty of thrusting her from its presence remediless and mulcted in costs, though fully persuaded she has, upon the undisputed facts, a case founded in the highest equity, and which it is the peculiar duty of a court of conscience to recognize and redress. Such a result would prostrate justice to preserve a mere matter of technical form. If possible, the court must not allow justice to be defeated and wrong to triumph, by a mere mistake or unskillfulness in pleading. A court of equity must always aim to act upon broad principles of justice, disentangled as much as possible from little technicalities.

Ogden v. Thornton, 30 N.J. Eq. 569, 572 (Ch. 1879). This is old but both applicable and well-said: when sitting as a court of equity, this Court will not allow a result that would prostrate justice to preserve a mere matter of technical form.

Thus, in exercising the powers of equity available under New Jersey law, absent legislative direction – and none has been asserted here –, this Court has considerable discretion

---

[3] Sears may be an old case by a court long gone, but it is still good law. The New Jersey Supreme Court quoted much of the same language in 2012 in US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 476 (2012). The New Jersey Supreme Court also held: "Absent legislative direction with respect to a remedy, New Jersey courts retain discretion to fashion equitable remedies." Id. See also Marioni v. Roxy Garments Delivery Co., Inc., 417 N.J. Super. 269, 275 (N.J. Super. Ct. App. Div. 2010) ("In fashioning relief, the Chancery judge has broad discretionary power to adapt equitable remedies to the particular circumstances of a given case.")

3

to fashion an equitable remedy. This Court rejects Defendants' position that an unjust enrichment remedy is unavailable to Allstate because the facts of this case do not fall neatly into the box that Defendants have constructed. The framework of equity in New Jersey is far more flexible than Defendants recognize.

The proof of this is in the cases. In cases like this one, in which a party has overpaid based on a mistake of fact and seeks restitution, New Jersey courts have not applied the formulation that Defendants contend is the law. Consider Great American Ins. Co. v. Yellen, 58 N.J. Super. 240, 244 (N.J. Super. Ct. App. Div. 1959), in which the Court held: "It is the general rule that one who has paid money under a mistake of fact but for which payment would not have been made may have restitution from the payee notwithstanding that the mistake was unilateral and a consequence of the payor's negligence, providing, however, that such restitution will not prejudice the payee." See also Smith v. Fireworks by Girone, Inc., 380 N.J. Super. 273, 292 (N.J. Super. Ct. App. Div. 2005) (applying Yellen); Villanueva v. Amica Mut. Ins. Co., 374 N.J. Super. 283, 290 (N.J. Super. Ct. App. Div. 2005) (same).[4] Similarly, in PaineWebber, Inc. v. Levy, 293 N.J. Super. 325, 327-328 (N.J. Super. Ct. Law Div. Oct. 26, 1995), the Court held:

---

[4] Furthermore, the New Jersey Supreme Court has adopted the principles of unjust enrichment stated in the Restatement (First) of Restitution. See, e.g., Thompson v. City of Atlantic City, 190 N.J. 359, 384 (2007); VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994); Weichert Co. Realtors v. Ryan, 128 N.J. 427, 437 (1992). Restatement § 20 states:

§ 20 Mistake as to Extent of Duty or Amount Paid in Discharge Thereof

A person who has paid another an excessive amount of money because of an erroneous belief induced by a mistake of fact that the sum paid was necessary for the discharge of a duty, for the performance of a condition, or for the acceptance of an offer, is entitled to restitution of the excess.

4

> It is considered unjust enrichment to permit the recipient of money paid under mistake of fact to keep it, unless the circumstances are such that it would be inequitable to require its return. *Great American Ins. Co. v. Yellen,* 58 N.J. Super. 240, 246, 156 A.2d 36 (App. Div. 1959). One who has paid money under a mistake of fact may have restitution from the payee, notwithstanding that the mistake was unilateral and a consequence of the payor's negligence, unless such restitution will prejudice the payee.

This Court finds that Plaintiff has proven that Defendants have been unjustly enriched and that Plaintiff is entitled to restitution.

Defendants' opposition to Plaintiff's motion attempts to leverage other "little technicalities" (to use the words of the Vice-Chancellor), as well. Plaintiff argues that New Jersey law does not allow a claim for unjust enrichment by one party to an express contract against the counterparty – but then concedes that Allstate and the McNears are not parties to any single contract. If Allstate and the McNears executed no contract, why bring this up?

Defendants next argue that Plaintiff's claims are barred by the "voluntary payments doctrine." In support, Defendants quote In re New Jersey State Board of Dentistry, 84 N.J. 582, 588 (1980): "where a party, without mistake of fact, or fraud, duress or extortion, voluntarily pays money on a demand which is not enforcible against him, he cannot recover it back." Given that the instant case involves an overpayment due to a mistake of fact (Allstate made payments after William's death based on the mistaken belief that William was alive), the voluntary payments doctrine is inapplicable.

Defendants contend that Plaintiff has no evidence supporting any liability by Kathryn McNear. This is incorrect: Plaintiff's Rule 56.1 Statement points to the evidence that Ms. McNear's name was on a mortgage loan, for a jointly held property, repaid with the overpayments. (Pl.'s Rule 56.1 Stmt. ¶¶ 47-48.) Plaintiff's Rule 56.1 Statement also points to evidence that Mr. and Ms. McNear jointly owned a Honda, and that the loan on this vehicle was

5

paid off using the overpayment funds.  (Pl.'s Rule 56.1 Stmt. ¶ 50.)  Defendants have not pointed to any evidence that raises any factual dispute on these points.  Defendants have thus failed to defeat Plaintiff's motion for summary judgment on Count I, as to Kathryn McNear.

Defendants have failed to defeat Plaintiff's motion for summary judgment on Count I, for unjust enrichment.  As to Count I, Plaintiff has shown that it is entitled to judgment as a matter of law, and Plaintiff's motion for summary judgment will be granted in part, as to Count I.  Judgment on Count I will be entered in Plaintiff's favor, and Plaintiff will be awarded damages in the amount of $1,577,337.39.  As to Count I, Defendants' motion for summary judgment will be denied in part as moot.

Plaintiff next moves for summary judgment on Count II, conversion.  "The crux of conversion is wrongful exercise of dominion or control over property of another without authorization and to the exclusion of the owner's rights in that property."  Chicago Title Ins. Co. v. Ellis, 409 N.J. Super. 444, 456 (N.J. Super. Ct. App. Div. 2009).  This is not a case of conversion.  Plaintiff mailed checks to Defendants, and Defendants deposited them.  Plaintiff has not pointed to evidence that Defendants took control of the payments without authorization.  The motion for summary judgment on Count II will be denied.

Plaintiff also moves for summary judgment on Count III, seeking the imposition of a constructive trust on the overpayment.  Count III asks this Court to impose a constructive trust to protect the funds from the "threat of dissipation."  (Am. Compl. ¶ 38.)  Plaintiff's moving brief states, however, that Defendants "used all of the money they received from Allstate Life in and after March 2012 to pay pre-existing debts and ordinary business expenses."  (Pl.'s Br. 8.)  The funds thus appear to have been already dissipated.  Plaintiff has not identified any property or funds on which this Court might impose a constructive trust.  Section 55 of the Restatement

6

(Third) of Restitution and Unjust Enrichment states:

> (1) If a defendant is unjustly enriched by the acquisition of title to identifiable property at the expense of the claimant or in violation of the claimant's rights, the defendant may be declared a constructive trustee, for the benefit of the claimant, of the property in question and its traceable product.
>
> (2) The obligation of a constructive trustee is to surrender the constructive trust property to the claimant, on such conditions as the court may direct.

Note that the Restatement refers to "identifiable property . . . and its traceable product." The record before this Court shows no presently identifiable property or traceable product. Section 55 comment b states: "*What is a constructive trust?* A court has the power to reassign title – to transfer ownership from B to A – as a means of rectifying unjust enrichment." Plaintiff has not identified any property in which Defendants hold title, such that this Court could reassign title. As to Count III, the motion for summary judgment will be denied.

Lastly, Plaintiff moves for summary judgment on Defendants' counterclaim for declaratory judgment. The counterclaim seeks a declaration on two issues: 1) "plaintiff's payments to defendants after receiving notice of the death of defendant's child are voluntary payments pursuant to the voluntary payments doctrine;" and 2) "plaintiff is banned from seeking recovery of the payments made by it to beneficiaries after receiving notice of the death of the child in its home office on or about February 13,2012." (Answer ¶ 82.) Because this Court has found in favor of Plaintiff on Count I, for unjust enrichment, it has necessarily determined that Defendants are not entitled to either declaration which they seek. Thus, Plaintiff's motion for summary judgment on the counterclaim will be granted, and Judgment on the counterclaim will be entered in Plaintiff's favor.

Defendants moved for summary judgment on all claims and on the counterclaim. For the reasons already stated, as to Counts II, III, and IV, on which this Court has found that Plaintiff

has failed to meet its burden of proof, Defendants have shown that they are entitled to Judgment as a matter of law. As to Counts II, III, and IV, Defendants' motion for summary judgment will be granted, and Judgment will be entered in Defendants' favor. As to Count I and the counterclaim, on which this Court has found in favor of Plaintiff, Defendants' motion for summary judgment will be denied.

Thus, both motions for summary judgment will be granted in part and denied in part, as specified, and Judgment will be entered accordingly.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: April 25, 2017